ELLIS *et al. v.* MERCHANTS & FARMERS BANK.

(In Banc. Nov. 23, 1942.)

[10 So. (2d) 541. No. 35024.]

**S. I. Osborn,** of Greenwood, for appellant.

McKeigney & McKeigney, of Eupora, for appellee.

Griffith, J., delivered the opinion of the court.

Appellants, as complainants, brought their suit against the defendant in the chancery court, seeking to recover a large sum of money. Upon the hearing the court rendered a decree for $5,000 in favor of the complainants, which was considerably less than that for which they sued. The complainants were dissatisfied with the decree and appealed to this court, the record having been filed here on February 26, 1942.

On March 2, 1942, the defendant took a cross-appeal, contending that no decree for any sum should have been rendered against it. After due consideration we affirmed the decree both on the direct and on the cross appeal,

9 So. (2d) 640, and appellants' suggestion of error has been overruled.

Appellants have now presented a motion requesting the court to correct the decree rendered by us so as to impose upon cross-appellant the damages of five percent on the $5,000 decree, and appellants say that they are entitled to have this done under Section 3387, Code 1930. This section, so far as pertinent, reads as follows: "In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the Supreme Court shall render judgment against the appellant for damages, at the rate of five percentum and costs," etc.

The only authority which the section confers, as regards the five per cent damages, is that such damages are to be adjudged against an unsuccessful appellant—the party who by his appeal brings the case to this court. No reference is had, either in the letter of the statute or in the purpose thereof, to a cross-appellant, who follows the case but does not bring it here. It may be, as to which we express no opinion, that if the appellant were to request that his appeal be dismissed, and in response the cross-appellant should demand that his cross-appeal be retained, the five percent statute would thereupon apply to the cross-appellant, for the reason that although the cross-appellant did not bring the case to this court, he would be the party through whom it was kept here; but there is no such a situation under the present record.

Motion overruled.